**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DONALD HILL,**                                                                      **PETITIONER**

**v.**                  **No. 3:05CV254-D-A**

**CHRISTOPHER EPPS, ET AL.**                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Donald Hill for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed; the petitioner has not responded, and the time for response has expired. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

The petitioner pled guilty to capital murder in the Circuit Court of Calhoun County, Mississippi. He was sentenced on October 18, 1996, to life imprisonment without parole in the Mississippi Department of Corrections. With several narrow exceptions that do not apply to this case, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. On September 3, 2003, the petitioner filed a motion for post-conviction relief in the Circuit Court of Calhoun County, which denied that motion October 16, 2003. The petitioner appealed that denial, and the Mississippi Court of Appeals affirmed. Hill filed the instant federal petition for a writ of *habeas corpus* on December 22, 2005; he signed the petition December 12, 2005.

**Discussion**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The petitioner's conviction became final November 17, 1996, thirty days after the entry of judgment on his plea of guilty. *Acker v. State*, 797 So.2d 966 (Miss. 2001) (allowing thirty days to appeal alleged illegal sentence in Mississippi state court); *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (federal court must add period of time for seeking direct review of an alleged illegal sentence under state law when determining start date for one-year limitations period). Thus, the deadline for the petitioner to seek state post-conviction collateral relief and toll the one-year limitations period expired on November 17, 1997. The petitioner did not file his first application for post-conviction relief in state court until September 3, 2003, nearly six years after

the deadline for filing a federal petition for a writ of *habeas corpus* passed. Thus, the petitioner does not enjoy the benefit of statutory tolling in this case.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 12, 2005, and the date it was received and stamped as "filed" in the district court on December 22, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 2,947 days after the November 17, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of May, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE